JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 23 1971

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SUESS PATENT           )            DOCKET NO. 74
INFRINGEMENT LITIGATION      )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The common plaintiffs[1]/ in ten patent infringement suits in seven districts have moved the Panel for transfer under Section 1407 to the Northern District of Illinois. Each of the actions is for infringement of the Suess patent, which plaintiffs assert covers the basic oxygen process of refining steel. Although the plaintiffs urge that common questions of fact are raised in these cases by the issue of patent validity and by the antitrust counterclaims asserted by several defendants, the most important pretrial issue is collateral estoppel.

In a prior action brought by these plaintiffs against another alleged infringer, the Suess patent was held invalid.

---

\* Although Judge Wisdom and Judge Lord were not present at the hearing they have, with the consent of all parties, participated in this decision.

1/ Plaintiffs are Kaiser Industries Corp., Vereinigte Oesterreichische Eisen-Und Stahlwerke Aktiengesellschaft (VOEST) and Brassert Oxygen Technik (BOT).

- 2 -

*Kaiser Co. v. McLouth Steel Corp.*, 257 F. Supp 372 (E.D. Mich. 1966), aff'd, 400 F. 2d 36 (6th Cir. 1968), cert denied, 393 U.S. 1119 (1969). Under the recent holding in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, _____ U.S. _____ (1971), a preliminary question in each case will be whether that prior adjudication collaterally estops the plaintiffs from suing these defendants on the same patent.

The collateral estoppel issue has also been raised in two additional infringement actions, not before the Panel, which have been tried in the Western District of Pennsylvania before Judge Rosenberg and are awaiting decision on the questions of collateral estoppel as well as validity and infringement.[2/] Those defendants which oppose transfer argue that no definitive ruling can be made by a transferee court until Judge Rosenberg has ruled in his cases. We think a better solution is to transfer all cases presently before the Panel to the Western District of Pennsylvania for assignment to Judge Rosenberg. The plaintiffs have suggested that they introduced critical evidence in the Pennsylvania cases which was not available in *McLouth* and which avoids the collateral estoppel defense. Presumably they intend to meet the defense in a similar manner in the remaining cases.

Judge Rosenberg is well acquainted with the facts of this litigation and is in a position to deal with this issue expeditiously. Judge Rosenberg's familiarity with the facts will also

---

2/ *Henry J. Kaiser v. Jones & Laughlin Steel Corp.*, W. D. of Pa., Civil Action No. 61-551; *Henry J. Kaiser v. Jones & Laughlin Steel Corp.*, W. D. of Pa., Civil Action No. 62-272.

- 3 -

assist him in controlling any discovery in the common areas of patent validity and antitrust counterclaims. In fact, it may even be possible for him to conclusively determine the patent validity and collateral estoppel issues in all of these actions.

We have concluded that these cases satisfy the criteria of Section 1407 and that only by transfer to the Western District of Pennsylvania can duplicative proceedings and the risk of inconsistent decisions be eliminated. Although the plaintiffs have urged transfer to the Northern District of Illinois and the defendants favor the Eastern District of Michigan (where *McLouth* was decided), both sides agree that the Western District of Pennsylvania is an acceptable pretrial forum.

IT IS THEREFORE ORDERED that all actions on the attached Schedule A be, and the same hereby are, transferred to the Western District of Pennsylvania and assigned to the Honorable Louis Rosenberg for coordinated or consolidated pretrial proceedings under Section 1407.

DOCKET NO. 74                                                    SCHEDULE A

### NORTHERN DISTRICT OF ILLINOIS

Kaiser Industries Corp., et al. v. United States Steel Corp.    Civil Action No. 71-812

Kaiser Industries Corp., et al. v. International Harvester Co.   Civil Action No. 71-816

### NORTHERN DISTRICT OF INDIANA

Kaiser Industries Corp., et al. v. Inland Steel Co.    Civil Action No. 71H92(2)

Kaiser Industries Corp., et al. v. Bethelehem Steel Corp.    Civil Action No. 71-91(2)

### SOUTHERN DISTRICT OF ILLINOIS

Kaiser Industries Corp., et al. v. Granite City Steel Co.    Civil Action No. 4788

### DISTRICT OF COLORADO

Kaiser Industries Corp., et al. v. CF&I Steel Corp.    Civil Action No. 67C311

### NORTHERN DISTRICT OF OHIO

Kaiser Industries Corp., et al. v. Republic Steel Corp.    Civil Action No. C-71-552

### NORTHERN DISTRICT OF WEST VIRGINIA

Kaiser Industries Corp., et al. v. National Steel Corp.    Civil Action No. 68-29-W

### DISTRICT OF DELAWARE

Kaiser Industries Corp., et al. v. Ford Motor Company    Civil Action No. 71-4095

Kaiser Industries Corp., et al. v. Wheeling-Pittsburgh Steel Corp.    Civil Action No. 71-4094

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 23 1971

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SUESS PATENT ) DOCKET NO. 74
INFRINGEMENT LITIGATION )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The common plaintiffs[1] in ten patent infringement suits in seven districts have moved the Panel for transfer under Section 1407 to the Northern District of Illinois. Each of the actions is for infringement of the Suess patent, which plaintiffs assert covers the basic oxygen process of refining steel. Although the plaintiffs urge that common questions of fact are raised in these cases by the issue of patent validity and by the antitrust counterclaims asserted by several defendants, the most important pretrial issue is collateral estoppel.

In a prior action brought by these plaintiffs against another alleged infringer, the Suess patent was held invalid.

---

\* Although Judge Wisdom and Judge Lord were not present at the hearing they have, with the consent of all parties, participated in this decision.

[1] Plaintiffs are Kaiser Industries Corp., Vereinigte Oesterreichische Eisen-Und Stahlwerke Aktiengesellschaft (VOEST) and Brassert Oxygen Technik (BOT).

*Kaiser Co. v. McLouth Steel Corp.*, 257 F. Supp 372 (E.D. Mich. 1966), aff'd, 400 F. 2d 36 (6th Cir. 1968), cert denied, 393 U.S. 1119 (1969). Under the recent holding in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, _____ U.S. _____ (1971), a preliminary question in each case will be whether that prior adjudication collaterally estops the plaintiffs from suing these defendants on the same patent.

The collateral estoppel issue has also been raised in two additional infringement actions, not before the Panel, which have been tried in the Western District of Pennsylvania before Judge Rosenberg and are awaiting decision on the questions of collateral estoppel as well as validity and infringement.[2/] Those defendants which oppose transfer argue that no definitive ruling can be made by a transferee court until Judge Rosenberg has ruled in his cases. We think a better solution is to transfer all cases presently before the Panel to the Western District of Pennsylvania for assignment to Judge Rosenberg. The plaintiffs have suggested that they introduced critical evidence in the Pennsylvania cases which was not available in *McLouth* and which avoids the collateral estoppel defense. Presumably they intend to meet the defense in a similar manner in the remaining cases.

Judge Rosenberg is well acquainted with the facts of this litigation and is in a position to deal with this issue expeditiously. Judge Rosenberg's familiarity with the facts will also

---

2/ *Henry J. Kaiser v. Jones & Laughlin Steel Corp.*, W. D. of Pa., Civil Action No. 61-551; *Henry J. Kaiser v. Jones & Laughlin Steel Corp.*, W. D. of Pa., Civil Action No. 62-272.

assist him in controlling any discovery in the common areas of patent validity and antitrust counterclaims. In fact, it may even be possible for him to conclusively determine the patent validity and collateral estoppel issues in all of these actions.

We have concluded that these cases satisfy the criteria of Section 1407 and that only by transfer to the Western District of Pennsylvania can duplicative proceedings and the risk of inconsistent decisions be eliminated. Although the plaintiffs have urged transfer to the Northern District of Illinois and the defendants favor the Eastern District of Michigan (where *McLouth* was decided), both sides agree that the Western District of Pennsylvania is an acceptable pretrial forum.

IT IS THEREFORE ORDERED that all actions on the attached Schedule A be, and the same hereby are, transferred to the Western District of Pennsylvania and assigned to the Honorable Louis Rosenberg for coordinated or consolidated pretrial proceedings under Section 1407.

DOCKET NO. 74																SCHEDULE A

### NORTHERN DISTRICT OF ILLINOIS

Kaiser Industries Corp., et al. v. United States Steel Corp.   Civil Action No. 71-812

Kaiser Industries Corp., et al. v. International Harvester Co.   Civil Action No. 71-816

### NORTHERN DISTRICT OF INDIANA

Kaiser Industries Corp., et al. v. Inland Steel Co.   Civil Action No. 71H92(2)

Kaiser Industries Corp., et al. v. Bethelehem Steel Corp.   Civil Action No. 71-91(2)

### SOUTHERN DISTRICT OF ILLINOIS

Kaiser Industries Corp., et al. v. Granite City Steel Co.   Civil Action No. 4788

### DISTRICT OF COLORADO

Kaiser Industries Corp., et al. v. CF&I Steel Corp.   Civil Action No. 67C311

### NORTHERN DISTRICT OF OHIO

Kaiser Industries Corp., et al. v. Republic Steel Corp.   Civil Action No. C-71-552

### NORTHERN DISTRICT OF WEST VIRGINIA

Kaiser Industries Corp., et al. v. National Steel Corp.   Civil Action No. -68-29-W

### DISTRICT OF DELAWARE

Kaiser Industries Corp., et al. v. Ford Motor Company   Civil Action No. 71-4095

Kaiser Industries Corp., et al. v. Wheeling-Pittsburgh Steel Corp.   Civil Action No. 71-4094